UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LILLIAN MARIE MAEZ,

Plaintiff,

v.

TOMMY J. MAEZ, II, et al.,

Defendants.

Case No. 1:22-cv-00901-BAM

ORDER GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS

(Doc. 3)

SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND

(Doc. 1)

Plaintiff Lillian Marie Maez ("Plaintiff"), proceeding pro se, initiated this civil action against Tommy J. Maez, II, Judge Ryan I. Wells, and Deseree M. Coronado on July 20, 2022. (Doc. 1.)

**I. Application to Proceed in Forma Pauperis**

Plaintiff failed to pay the $402.00 filing fee for this action or submit an application to proceed in forma pauperis. Accordingly, on July 22, 2022, the Court directed Plaintiff to pay the filing fee or submit an application within thirty (30) days of service of the order. (Doc. 2.) On July 27, 2022, Plaintiff submitted an application to proceed without prepaying fees or costs pursuant to Title 28 of the United States Code section 1915(a). (Doc. 3.) Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

## II. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## III. Summary of Plaintiff's Allegations

Plaintiff's complaint is lengthy and disjointed. It also is accompanied by more than 35 pages of attachments, many of which include or append extraneous typed or handwritten comments. Plaintiff's complaint generally appears related to child custody issues and proceedings involving (1) the father of her children, Tommy Maez, (2) a social worker with the Department of Social Services, Deseree Coronado, and (3) Judge Ryan Wells. Plaintiff asserts various violations of state law, including violations of the California Family Code and California Penal Code. She also asserts violations of the Fourth Amendment, HIPAA privacy, and Title 18 of the United States Code. (Doc. 1 at pp. 82-86.)

Allegations Involving Defendant Maez

Plaintiff alleges that Defendant Maez refuses to stop with name calling, slander and putting Plaintiff in a false light with a third party. Plaintiff further alleges that Defendant Maez is a bully, and he spreads gossip, rumors, lies, and insults. Plaintiff complains that Defendant Maez is the reason for her homelessness, kicking her out of the house. He also reportedly refuses to let her talk to their children.

Plaintiff identifies various incidents or events involving Defendant Maez. For instance, on July 21, 2021, Defendants Maez and Coronado allegedly kidnapped Plaintiff's children from New Life Discovery School Daycare. Plaintiff claims that Defendant Maez's name was not on the daycare paperwork and the daycare had strict instructions to notify Plaintiff if the children's dad showed up. Plaintiff was not notified. She finally received a call from Defendant Coronado when Defendant Maez was already driving around with the children.

On July 29, 2021, Plaintiff reportedly learned that Defendant Maez told the CPS case worker that Plaintiff was on social media dancing provocatively and was drunk.

On August 8, 2021, Defendant Maez allowed his brother to babysit the kids unsupervised. According to Plaintiff, the only person authorized to jointly care for the children was Plaintiff's mother. Plaintiff went to the home and attempted to ask Defendant Maez's brother to open the door, but he refused, slamming the door in Plaintiff's face. Plaintiff called the police. The police talked with Defendant Maez and his brother, but they ignored anything Plaintiff had to say and told her to leave the property.

Based on a letter by Defendant Coronado on August 9, 2021, Plaintiff alleges that Defendant Maez is manipulating the CPS worker and is not protecting his former wife and children.

On September 20, 2021, Defendant Maez reportedly called the welfare office (CalWORKs/CalFRESH/Medi-Cal) to tell the County to remove Plaintiff's children from her case and that the children were removed from her home. Plaintiff contends that this is false because Defendants Maez and Coronado allegedly kidnapped Plaintiff's children from daycare on July 21, 2021.

On May 6, 2022, during a child support hearing, Defendant Maez and his attorney told the judge that Plaintiff was off of welfare, but she did not personally disclose that information. They reportedly made an assumption to get Plaintiff to pay child support.

Plaintiff claims that on May 24, 2022, Defendant Maez damaged her reputation by repeated slander and libel via a message on the Talking Parents App. According to the attachments, Defendant Maez sent a message stating, "While under the influence of either alcohol or narcotics, lillian called in a welfare check according to the dispatcher. Children were being supervised by my brother Anthony while I was at AA[.]" (Doc. 1 at 50.)

On June 29, 2022, an email message sent to Plaintiff reportedly caused damage to her reputation by Defendant Maez.

Allegations Involving Defendant Coronado

Plaintiff also alleges various events and incidents involving Defendant Coronado. For instance, Plaintiff alleges that on July 21, 2022, Defendants Maez and Coronado kidnapped her children from the New Life Discovery Schools. Plaintiff contends that defendants pre-meditated the alleged kidnapping, which was malicious, and they kept her in the dark. Plaintiff complains that Defendant Coronado also was aware of the rental that Plaintiff sought and rented a few days before, with a move-in date on the same day as the alleged incident.

At some point in July 2021, Defendant Coronado visited Plaintiff's apartment. Defendant Coronado allegedly ignored everything that Plaintiff said. Instead, Defendant Coronado apparently stated, "Tommy said you were on a video on social media and looked drunk dancing." (Doc. 1 at 29.) Defendant Coronado also said, "What's wrong with you? Tommy said that you are blowing up his phone, if you call him too many times he will ….." (*Id.*). Defendant Coronado also reportedly told her boss, Jose Mejia, to tell Plaintiff not to call, text or leave a message for her outside of regular business hours.

Plaintiff alleges that Defendant Coronado sent a text message on August 9, 2021, related to a parenting plan. The nature of the message is unclear, but Plaintiff contends that Defendant Coronado only acted in the best interest of Defendant Maez. Plaintiff also alleges that she received a phone call from Defendant Coronado on August 9, 2021, the day following the

incident with Defendant Maez and the police. Defendant Coronado reportedly said, “What were you thinking, that was uncalled for, I told you to not go over there and bother them.” (*Id*. at 31.) Defendant Coronado also said Plaintiff’s actions were going to cause her to have supervised visits. Plaintiff told Defendant Colorado that she was bully. Plaintiff also stated that she was going to do her own program because Defendant Coronado was not promoting family unity.

On August 9, 2021, Defendant Coronado wrote a letter indicating that Plaintiff was not to have unsupervised visits with the children.

On September 2, 2021, Defendant Coronado allegedly called Fresno County Social Services.

Additional Allegations[1]

On January 4, 2022, at a contested hearing about child custody, Defendant Wells scheduled the next hearing for November 30, 2022, with Plaintiff having visitation 4 hours/week. The location and time to be determined by Defendant Maez.

On March 1, 2022, Plaintiff complained to Defendant Wells about the visitation monitor. Plaintiff filed an order to have her visits at a local park with Defendant Maez’s bother as the monitor.

On May 23, 2022, Plaintiff’s request regarding visits was denied. Plaintiff claims that the session was adjourned without addressing her rights for visitation. Defendant Wells told Plaintiff to go back to the original order of January 4, 2022, where it stated that Defendant Maez was to decide. Plaintiff was entitled to 4 hours per week and/or to file a custody order.

On May 14, 2022, Plaintiff filed a custody order with no response from Defendant Wells, Defendant Maez or his attorney.

On June 8, 2022, Plaintiff filed a civil case against Defendant Maez for defamation, libel/slander, fraud, and perjury due to multiple acts and events, including a temporary restraining order against Plaintiff.

On June 11, 2022, Plaintiff filed a contempt order against Defendant Maez for violating

[1] Due to the fragmented nature of the complaint, these allegations are derived, in part, from Plaintiff’s own “SUMMARY” portion of the complaint. (*See* Doc. 1 at pp. 70-74.)

the visitation order and for not disclosing the children's school and medical records. Plaintiff sent the order to Defendant Maez's attorney and Defendant Wells, but she received no response. On May 14, 2022, Plaintiff filed a custody order. On May 24, 2022, Plaintiff filed a request for default and default judgment. On May 21, 2022, Plaintiff filed a request to advance the November 30, 2022 hearing date because she had not heard from her children in a long time. Plaintiff contends that at hearing after hearing, she is unable to talk.

Plaintiff alleges that Defendant Maez threatened to kill her with a fire torch on April 19, 2021. She eventually snuck out with the kids and stayed at the Marjoree Mason Center. The temporary restraining order she filed while in the shelter was denied. Everyone is aware of this, but Defendant Wells continues to put demands on her.

On July 5, 2022, Plaintiff filed a police report against Defendant Maez because he had not been following the Court Order, including not sending the children's medical or school reports. The police reportedly told Plaintiff that they could not do anything, and it was up to the judge.

## IV. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state a cognizable claim upon which relief may be granted, asserts claims over which the Court lacks jurisdiction, and seeks monetary relief against defendants who are immune from such relief. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend her complaint to the extent she can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to her allegations.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are

not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a short and plain statement of her claims. Plaintiff's complaint is difficult to understand and lacks a chronology of events. Plaintiff makes conclusory statements that certain code provisions or other laws were violated. Additionally, Plaintiff's attachments and exhibits contain handwritten and typed comments, making it difficult not only for the Court to review the documents, but also to separate the relevant factual allegations from the irrelevant ones. It is not the type of complaint contemplated by Rule 8. *See Murguia v. Langdon*, No. 1:19-cv-00942-DAD-BAM, 2020 WL 3542310, at *12 (E.D. Cal. June 30, 2020) (dismissing complaint with leave to amend where complaint failed to comply with Rule 8 and was "mostly narrative ramblings and storytelling"). If Plaintiff files an amended complaint, it should be a short and plain statement of her claims and must be limited only to those factual allegations related to her claims which identify what happened, when it happened and who was involved. Fed. R. Civ. P. 8. Plaintiff's conclusory statements and arguments are not sufficient.

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of the United States Constitution and federal statutes. The Court presumes these asserted violations are brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

To the extent Plaintiff is attempting to bring claims against Defendant Maez pursuant to section 1983, she may not do so. A showing that the defendant has acted under the color of state law is a prerequisite for any relief under section 1983. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary element of a § 1983 claim"). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S at 49. Generally, private parties do not act under color of state law for

section 1983 purposes. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes that conduct by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). The ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Huffman v. Cty. of L.A.*, 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to be held liable under § 1983). Simply put, § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations and internal quotations omitted). Plaintiff's complaint does not include any allegations demonstrating that Defendant Maez was acting under color of state law.

**C. Child Custody and Visitation Claims**

The crux of Plaintiff's complaint appears to involve child custody and visitation issues. The Court lacks jurisdiction over child custody and child visitation claims because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986).

Further, to the extent Plaintiff is challenging the orders of the state court regarding custody or visitation, she may not do so. This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. *See, e.g., Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986) ("The United States District Court ... has no

authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Therefore, Plaintiff's claims relating to child custody and supervised visitation, which presumably arise from state court orders, would be barred by the *Rooker-Feldman* doctrine. *See Walton v. Hopper*, No. 2:22-cv-00453 JAM AC PS, 2022 WL 837268, at *4 (E.D. Cal. Mar. 21, 2022), ("Child custody and parental rights are quintessentially state law matters that are generally outside the purview of the federal court."), report and recommendation adopted, No. 2:22-cv-0453 JAM AC PS, 2022 WL 1506096 (E.D. Cal. May 12, 2022).

**D. Absolute and Qualified Immunity – Defendant Coronado**

Additionally, it appears that Defendant Coronado may be entitled to absolute or qualified immunity from suit. Social workers are immune from suit for the decision to initiate a dependency proceeding, *see Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008), and for activities or functions that are "part and parcel of presenting the state's case as a generic advocate" in a dependency hearing, *Cox v. Dep't of Soc. & Health Servs*., 913 F.3d 831, 837 (9th Cir. 2019) (internal quotation marks omitted). Social workers "are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." *Id.* (quoting *Tamas v. Dep't of Soc. & Health Servs., State of Wash.*, 630 F.3d 833, 842 (9th Cir. 2010). "To the extent . . . that social workers . . . make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available." *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003). Examples of such functions may include decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care. *Id.*

**E. Judicial Immunity – Defendant Wells**

Similarly, Defendant Wells is entitled to absolute judicial immunity. "It has long been

established that judges are absolutely immune from liability for acts 'done in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quotation omitted). Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *See id*. Judges retain their immunity even when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, *see Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

**F. Fourth Amendment**

Plaintiff alleges that her Fourth Amendment rights were violated. The nature of this claim is unclear, but it may arise from allegations that her children were removed from daycare. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

Plaintiff's complaint is devoid of any factual allegations to suggest that Plaintiff was searched or seized in violation of the Fourth Amendment, or that a warrant was issued involving Plaintiff. There also is no indication that Plaintiff's children were removed from her home or that Defendant Maez was not entitled to physical custody of the children. Plaintiff fails to state a claim for violation of the Fourth Amendment.

**G. HIPAA**

Plaintiff appears to assert a claim for violation of the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA itself does not provide for a private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). Accordingly,

Plaintiff cannot state a claim against any defendant based on an asserted violation of HIPAA.

**H. Claims Under Title 18 of the United States Code**

Plaintiff alleges violations of Title 18 of the United States Code. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)). Rather, the Court is to consider if Congress intended to create the private right of action in the statute, looking first to the language of the statute. *Id.* "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code*." Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

**I. California Penal Code Violations**

Plaintiff cites a variety of California Penal Code sections. Generally, the California Penal Code does not permit a private right of action. *See Thomas v. Restaurant*, Case No. 1:15-cv-01113-DAD-SKO, 2015 WL 9583029, at *2 (E.D. Cal. Sept. 31, 2015). Plaintiff has not demonstrated that any of the cited Penal Code sections authorize a private cause of action.

**J. State Law Claims**

To the extent Plaintiff is attempting to assert state law claims, the Court declines to screen them in the absence of a cognizable claim for relief under federal law. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.



**V. Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state

a cognizable claim upon which relief may be granted, asserts claims over which the Court lacks jurisdiction, and seeks monetary damages from defendants that are immune from such relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty*., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **July 29, 2022**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE