UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN MARIE MAEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TOMMY J. MAEZ, II, et al.,<br><br>　　　　Defendants. | Case No.  1:22-cv-00901-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 7) |

Plaintiff Lillian Marie Maez ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action against Tommy J. Maez, II, Judge Ryan I. Wells, and Deseree M. Coronado on July 20, 2022. (Doc. 1.) On July 29, 2022, the Court screened Plaintiff's complaint and granted her leave to amend. (Doc. 4.) Plaintiff's first amended complaint, filed on September 6, 2022, is currently before the Court for screening. (Doc. 7.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

1  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

2  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

4  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

5  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

6  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

7  To survive screening, Plaintiff's claims must be facially plausible, which requires

8  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

9  for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

10 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

11 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

12 standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

13 **II.    Summary of Plaintiff's Allegations**

14 The bulk of Plaintiff's first amended complaint ("FAC") is a copy of the Court's

15 screening order issued on July 29, 2022.  (*See* FAC, Doc. 7 at pp. 8-19.)  Plaintiff continues to

16 name the following defendants:  (1) Tommy J. Maez, II; (2) Deseree Coronado, SWP; and (3)

17 Judge Ryan I. Wells.  The FAC is limited to the following allegations:

> 1. TOMMY J MAEZ II:
> -STATEMENT:    DEFEMATION   BY   BOTH   LIBEL/SLANDER   C/B
> REPEATED ACTS OF INTENTIONAL TORT WELL BEYOND MEASURE.
> PURGERY,   FRAUD,   CRIMINAL   BEHAVIOR   &   POSSESSIVENESS,
> RECKLESS DISREGARD, INFLICTION OF EMOTIONAL DISTRESS.
>
> -CAUSE OF ACTION:  PERSONAL INJURY, DAMAGE TO REPUTATION,
> MONETARY LOSS, EMOTIONAL TRAUMA, MAJOR DEPRESSION
> W/ANXIETY, CAUSED ME TO BE SHUNNED, HUMILIATED,HATED,
> RIDICULED,   ABANDONED/AVOIDED   BY   HIM/MY   PERSONAL
> FRIENDS/MUTUAL   FRIENDS/MY   FAMILY/HIS   FAMILY,FRESNO
> PD/FRESNO CNTY DEPT OF SOC. SERVICES/MY BOSS/COWORKERS.
> 2. DESEREE M CORONADO SWP:
> -STATEMENT:   INTENTIONAL   TORT   BY:   PROFESSIONAL
> NEGLIGENCE, UNLAWFUL CONDUCT & INTENTIONAL INFLICTION
> BY THE VIOLATION OF MY CONSTITUTIONAL RIGHTS.
>
> -CAUSE OF ACTION:  DAMAGE TO REPUTATION, PERSONAL INJURY,
> MONETARY LOSS, MAJOR DEPRESSION W/ANXIETY, EMOTIONAL
> TRAUMA, CAUSED ME TO BE SHUNNED/AVOIDED BY OTHERS.

3. HONORABLE JUDGE RYAN I WELLS:
-STATEMENT: INTENTIONAL TORT BY: PROFESSIONAL NEGLIGENCE, UNLAWFUL CONDUCT & INTENTIONAL INFLICTION BY THE VIOLATION OF MY CONSTITUTIONAL RIGHTS, ALSO CARELESS DISREGARD, ALLOWED OTHERS TO VERBALLY ABUSE/INSULT ME IN COURT& PREVENTED ME FROM SPEAKING IN COURT.
-CAUSE OF ACTION: MAJOR DEPRESSION W/ANXIETY, TEMPORARILY FALSELY RESTRAINED& MONETARY LOSS, & ABANDONMENT.

RELIEF SOUGHT:
***FULL SOLE AND PHYSICAL CUSTODY OF MY TWO CHILDREN TRISTAN AND RILEY MAEZ.***

(FAC at p. 20) (unedited text).

## IV. Discussion

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but it is not a plain statement of her claims. At a basic level, the amended complaint lacks any factual allegations stating what happened, when it happened and who was involved. Instead, Plaintiff makes only conclusory statements, which are not sufficient to state a cognizable claim upon which relief may be granted.

### B. Child Custody and Visitation Claims

The crux of Plaintiff's complaint appears to involve child custody issues. The Court lacks jurisdiction over child custody claims because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue

3

divorce, alimony and child custody decrees."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986).

Further, to the extent Plaintiff is challenging the orders of the state court regarding custody, she may not do so. This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. *See*, *e.g.*, *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986) ("The United States District Court ... has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Therefore, Plaintiff's claims relating to child custody, which presumably arise from state court orders, would be barred by the *Rooker-Feldman* doctrine. *See Walton v. Hopper*, No. 2:22-cv-00453 JAM AC PS, 2022 WL 837268, at *4 (E.D. Cal. Mar. 21, 2022), ("Child custody and parental rights are quintessentially state law matters that are generally outside the purview of the federal court."), report and recommendation adopted, No. 2:22-cv-0453 JAM AC PS, 2022 WL 1506096 (E.D. Cal. May 12, 2022).

**C. Jurisdiction**

Insofar as Plaintiff's claims are not based on child custody issues, Plaintiff's amended complaint fails to establish this Court's jurisdiction. Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey*

4

*v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. A review of the amended complaint reveals that it should be dismissed for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Here, Plaintiff does not allege that the parties' citizenship is completely diverse. Indeed, Plaintiff identifies that Defendant Maez is a resident of California. (FAC at p. 2.) Plaintiff also does not establish that the matter in controversy exceeds the sum or value of $75,000. Thus, Plaintiff's amended complaint does not establish diversity jurisdiction.

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Although Plaintiff generally asserts a violation of her "constitutional rights," Plaintiff's assertions are conclusory and do not include any factual allegations to support a violation arising under the Constitution, laws or treaties of the United States. Indeed, Plaintiff does not cite any particular federal statute or constitutional provision that would be applicable to the allegations in her complaint. Thus, Plaintiff's complaint does not establish federal question jurisdiction.

5

### D. Absolute and Qualified Immunity – Defendant Coronado

Additionally, it appears that Defendant Coronado, a social worker, may be entitled to absolute or qualified immunity from suit. Social workers are immune from suit for the decision to initiate a dependency proceeding, *see Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008), and for activities or functions that are "part and parcel of presenting the state's case as a generic advocate" in a dependency hearing, *Cox v. Dep't of Soc. & Health Servs.*, 913 F.3d 831, 837 (9th Cir. 2019) (internal quotation marks omitted). Social workers "are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." *Id.* (quoting *Tamas v. Dep't of Soc. & Health Servs., State of Wash.*, 630 F.3d 833, 842 (9th Cir. 2010). "To the extent . . . that social workers . . . make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available." *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003). Examples of such functions may include decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care. *Id.*

### E. Judicial Immunity – Defendant Wells

Similarly, Defendant Wells is entitled to absolute judicial immunity. "It has long been established that judges are absolutely immune from liability for acts 'done in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quotation omitted). Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, *see Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

### F. State Law Claims

To the extent Plaintiff's amended complaint attempts to assert primarily state law claims,

6

the Court declines to screen those claims in the absence of a cognizable claim for relief under federal law. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. The Court will therefore recommend that the district court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that those claims be dismissed without prejudice.

### V.     Conclusion and Recommendation

For the reasons discussed, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8, fails to establish this Court's jurisdiction, and fails to state a cognizable claim upon which relief may be granted.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in her complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's federal claims be dismissed with prejudice;
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims; and
3. Plaintiff's state law claims be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written

objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2022**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE